**Antoinette Goodman BALES (now Jinks), Appellant,**

v.

**John E. BALES, Jr., Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1967.

O. T. Hinton, Pikeville, for appellant.

Francis M. Burke, Pikeville, for appellee.

DAVIS, Commissioner.

The narrow question presented upon this appeal is the propriety of the trial court's order limiting visitation rights relating to a male child under six years of age by the appellant-mother to the Pikeville home of the appellee-father to whom custody of the child has been awarded.

The parties to this appeal were divorced July 26, 1965. The custody of the only child of the parties was awarded to the appellee-father by agreement. There is no question presented on this appeal as

to the custody of the child. The judgment was silent as to any rights of visitation by the mother.

Shortly after divorce, the appellant-mother married her present husband, who was a biology teacher at Pikeville College. It suffices to note that the appellant was dismissed as a student from Pikeville College, and her present husband was discharged as a teacher in the college because of their conduct with each other prior to their respective divorces. The appellant and her present husband reside in Indiana, where the husband is engaged in teaching at a college which appellant has been attending as a pupil.

In December 1965, shortly before Christmas, the appellant-mother filed motion in the trial court seeking the right of visitation with the child. A hearing was had following which the trial court ordered that the appellant-mother be permitted to visit with the child in the home of the paternal grandparents in which the child and the appellee-father reside. The order recited that the appellant-mother " * * * be and she is granted the right and privilege to visit her son at plaintiff's home at reasonable times so as not to interfere with the health and well-being of the child."

The record discloses that appellant sought to have permission for the child to visit in the Pikeville home of appellant's mother and father (maternal grandparents of the child). It was stipulated in the record that the home of appellant's parents is a suitable home for the purpose of visitation. The appellant testified that hostility towards her by the appellee and the appellee's parents precludes visitation in that home by her and substantially nullifies the rights of visitation granted by the trial court.

 We review this case within the framework of CR 52.01 which prescribes that the findings of fact by the trial court shall not be set aside unless "clearly erroneous." We are also mindful of the principle that the chancellor's determination in matters of custody and visitation will not be disturbed absent a showing of an abuse of his judicial discretion. Moreover, in custody and visitation cases, the doors of the court remain open for the purpose of modifying orders upon a showing of changed conditions requiring such modification for the best interests and welfare of the child involved. KRS 403.070.

■ The record before us is devoid of any testimony respecting the appellant's experiences in seeking to comply with the visitation rights as ordered by the trial court. So far as is revealed by the record, the appellant may not have undertaken to visit with the child as directed by the court since the date of the court's order, or the appellant may have exercised her visitation rights without adverse incident. Thus, we are not able to say that the chancellor has abused his discretion in directing a program of visitation concerning which no measurable record of experience is presented for review.

The judgment is affirmed.

All concur.